```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

FRANCIS EDWARD DEVITT, II,              )
                                        )
            Plaintiff,                  )
                                        )
       v.                               )       Civil No. 2013-33
                                        )
MARRIOTT HOTEL MANAGEMENT COMPANY VIRGIN)
ISLANDS, INC., DIAMONDROCK FRENCHMAN'S  )
OWNERS, INC., and FRENCHMAN'S REEF &    )
MORNING STAR BEACH RESORT               )
                                        )
            Defendants.                 )
                                        )
                                        )
```

ATTORNEYS:

**John-Russell Bart Pate, Esq.**
J.R. Pate, PC – Law Office
St. Thomas, VI
    *For the plaintiff Francis Edward Devitt, II*,

**William E. Crabill, Esq.**
Quintairos, Prieto, Wood & Boyer, PA
Miami, FL
    *For the defendant Marriott Hotel Management Company Virgin Islands, Inc.*

## ORDER

Before the Court is the motion of defendant Marriott Hotel Management Company Virgin Islands, Inc. ("Marriott") to dismiss the claims brought by plaintiff Francis Edward Devitt, II ("Devitt").

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Marriott is a corporation which acts as the management company for Marriott Frenchman's Reef and Morning Star Beach Resort ("Frenchman's Reef"). Frenchman's Reef is a hotel operating on St. Thomas.

Case: 3:13-cv-00033-CVG-RM Document #: 65 Filed: 01/16/14 Page 2 of 9

*Devitt v. Marriott Hotel Mgmt. Co.*
Civil No. 2013-33
Order
Page 2

Devitt is a resident of the state of New York, who visited St. Thomas.[1] On or about January 10, 2013, Devitt was walking outdoors at Frenchman's Reef.[2] He states he was there to take pictures of the sunrise. While walking on a wooden pathway, he fell. Devitt attributes this fall to a single stair in the middle of the wooden pathway, which he claims was difficult to see. Devitt alleges that since the fall, he has experienced pain in his neck, shoulder, back, and hip. Devitt also alleges that on the third day after the fall, he experienced nausea, pain, and vomiting. He sought medical care for these ailments at Roy L. Schneider Hospital on St. Thomas.

On returning to New York from St. Thomas, Devitt sought further medical care. Doctors in New York purportedly did a CT scan and took X-rays. Devitt alleges that a doctor in New York prescribed physical rehabilitation and acupuncture. Devitt states he has followed these instructions, but continues to experience: pain, fatigue, nausea, and tiredness.

Devitt filed this action on March 28, 2013. His Complaint alleges that Marriott is liable for: (1) negligence and gross negligence, and (2) premises liability. The Complaint also sought punitive damages. The Complaint was served on Marriot, DiamondRock Frenchman's Owners, Inc., and Frenchman's Reef. Not long thereafter, Devitt filed a stipulation of dismissal with prejudice as to Frenchman's Reef and DiamondRock Frenchman's Owners, Inc., leaving Marriot as the sole defendant.

---

[1] It is unclear from Devitt's complaint what the purpose or nature of the visit was.
[2] Similarly, it is unclear whether or not Devitt was a guest of the hotel.

*Devitt v. Marriott Hotel Mgmt. Co.*
Civil No. 2013-33
Order
Page 3

Case: 3:13-cv-00033-CVG-RM   Document #: 65   Filed: 01/16/14   Page 3 of 9

Marriott moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Marriott alleges that Devitt's claim of negligence or gross negligence fails to allege sufficient facts. Marriott also argues that Devitt's claim for premises liability is duplicative of the claim for negligence, and thus must be stricken. Finally, Marriott alleges Devitt has improperly pled punitive damages and has failed to satisfy the elements for seeking punitive damages.

On June 21, 2013, Devitt voluntarily dismissed his "Notice of Allegation of Punitive Damages." (ECF No. 10.)

## II.   DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion

Case: 3:13-cv-00033-CVG-RM Document #: 65 Filed: 01/16/14 Page 4 of 9

*Devitt v. Marriott Hotel Mgmt. Co.*
Civil No. 2013-33
Order
Page 4

to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[3]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[3] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

Case: 3:13-cv-00033-CVG-RM   Document #: 65   Filed: 01/16/14   Page 5 of 9

*Devitt v. Marriott Hotel Mgmt. Co.*
Civil No. 2013-33
Order
Page 5

## III. ANALYSIS

### A. Negligence and Gross Negligence

Marriott alleges that Devitt has failed to state a claim of negligence or gross negligence in his Complaint. To sufficiently allege a negligence claim under Virgin Islands law, a plaintiff's claim must contain four elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *White v. Spenceley Realty, LLC*, 53 V.I. 666, 2010 WL 4961792, *3 (2010)(citing to Restatement (Second) of Torts § 281).

The Court, in considering if there are facts in the Complaint sufficient to show plausible entitlement to relief, disregards any allegations in the Complaint which are merely "labels and conclusions [or] a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Thus, the Court will not consider allegations contained in Devitt's complaint which contain conclusory legal statements, such as statements that "[Marriott] had a duty as a property owner, manager or joint-venturer to use reasonable care when maintaining the property to protect the Plaintiff and others from dangerous conditions and physical injury on the property." (Compl., ¶ 26.)

Having identified and excised such conclusory statements, Devitt's Complaint contains the following well-pleaded allegations: that Marriott is the management company for Frenchman's Reef; that Marriott owned or had control of the area where Devitt fell; that there is a single step in the walkway Devitt was on; that the step was not marked in any way; that Devitt was unable to see the step; and

that Devitt fell and suffered injuries to his shoulder, back, hip, and neck, along with other physical ailments.

The Court must accept as true all such factual allegations and draw all reasonable inferences in favor of the non-moving party, Devitt. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

Nowhere in Devitt's Complaint does Devitt explain his relationship to Marriott. It is unclear whether he was a guest at Frenchman's Reef; an invitee of a guest or employee; or had simply brought himself there for the purpose of taking pictures on the wooden walkway.

It is true that the owners or those in control of certain premises may owe a duty of care to those on the premises. *See generally* Restatement (Second) of Torts, div. 2, ch. 13 (explaining the various liabilities of possessors of land in personal injury cases); Restatement (Third) of Torts, § 51 (general duty of land possessors). It is also true that the standard of care for a possessor of land varies depending upon the relationship between the possessor and person injured on the land. *Compare* Restat. (2d) of Torts, § 333 (duty of possessor of land to trespassers); Restat. (3d) of Torts, § 52 (duty of possessor of land to flagrant trespassers) *with* Restat. (2d) at § 341 (duty of possessor of land to licensees and invitees); Restat. (3d) at § 40 (special relationships with a heightened duty, including innkeeper with guests). Even trespassers are owed a duty of care. *See* Restat. (3d) of Torts, § 52; Restat. (2d) of Torts, ch. 13, tit. B.

Case: 3:13-cv-00033-CVG-RM Document #: 65 Filed: 01/16/14 Page 7 of 9

*Devitt v. Marriott Hotel Mgmt. Co.*
Civil No. 2013-33
Order
Page 7

Here, Devitt's relationship to the premises and to Marriott is not evident in the Complaint. As such, it is completely unclear what duty of care existed or applied in the circumstances. That deficiency, at this stage of the proceedings, is not fatal. Devitt alleges that Marriot controlled or possessed the premises on which he was injured. Devitt also alleges that a dangerous artificial condition – the wooden walkway with a single, unmarked step – existed on the premises. Because those allegations must be regarded as true for purposes of the instant motion, it may be reasonably inferred that Marriot is responsible for the condition of the walkway and stair. Even assuming the lowest duty of care, that owed to flagrant trespassers, such an alleged dangerous condition could plausibly constitute a breach of the duty of care. *See, e.g.*, Restat. (3d) of Torts, § 52 (stating that a possessor of land owes a duty to flagrant trespassers not to act in an intentional, willful, or wanton manner to cause physical harm). Finally, Devitt has alleged that he fell on the walkway and has suffered, and continues to suffer from, resulting injuries.

As Devitt has alleged facts sufficient to plausibly meet all elements of a negligence claim, he has plausibly stated a claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

**B. Premises Liability**

Marriott alleges that Devitt's claim of premises liability in the Complaint is duplicative of the negligence claim, and thus must be stricken. In the alternative, Marriott argues that Devitt has failed to state facts sufficient to support a claim of premises liability.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court has previously dismissed claims as redundant where plaintiffs have alleged the same facts and harms in multiple counts, and where the tort was indistinct from another tort alleged. *See, e.g., Pourzal v. Marriott Intl., Inc.*, Civ. No. 2001-140, 2006 WL 2471695, *3 (D.V.I. Aug. 17, 2006)(finding that an unjust enrichment claim was materially indistinct from a trespass claim, and thus redundant).

Premises liability is a theory of negligence, where the basis of the duty of care is the possession or control of the premises where injury occurred. *See, e.g., Proctor v. North Shore Partners, Inc.*, 232 F. Supp. 2d 472, 477 (D.V.I. App. Div. 2002)(analyzing the liability of a possessor of land under a theory of premises liability as a negligence claim). The elements are the same – a plaintiff must prove: (1) duty, (2) breach, (3) causation, and (4) damages. *See White*, 2010 WL 4961792, at *3 (reviewing a claim of negligence on a premises liability theory).

The facts alleged as to those elements are essentially identical between the two counts. The alleged harm is the same. The elements required to succeed are the same. As such, the premises liability claim is duplicative of the negligence claim.

**C. Notice of Plaintiff Seeking Punitive Damages**

As Devitt voluntarily dismissed this portion of his Complaint on June 21, 2013, the Court sees no need to address the claim's merits here.

Case: 3:13-cv-00033-CVG-RM   Document #: 65   Filed: 01/16/14   Page 9 of 9

Devitt v. Marriott Hotel Mgmt. Co.
Civil No. 2013-33
Order
Page 9

The premises considered, it is hereby

**ORDERED** that Marriott's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Count Two, Premises Liability, shall be struck from the Complaint.

    S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**